UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MERAULT K. ALMONOR and WILMA DORE ALMONOR, on behalf of themselves and their infant child, DEVIN K. ALMONOR,

                    Plaintiffs,

              -against-

THE CITY OF NEW YORK, a municipal corporation; POLICE OFFICER BRIAN DENNIS, in his individual and official capacities; SERGEANT JONATHAN KORABEL, in his individual and official capacities; POLICE OFFICER MARIE DIAZ MONTEZ, in her individual and official capacities; SERGEANT SHARISSE SANDERS, in her individual and official capacities; POLICE OFFICER DORIS LOPEZ, in her individual and official capacities; POLICE OFFICER EMANUEL CHANG, in his individual and official capacities; and JOHN DOES 1-10 (whose identities are currently unknown but who are known to be police officers and/or supervisory personnel of the New York City Police Department), in their individual and official capacities,

                    Defendants.
----------------------------------------------------------------X

**11 CIV 4121**

11 Civ. _____

STATEMENT OF RELATED CASES

      Plaintiffs respectfully requests that the Clerk deem this case, *Almonor et al. v. the City of New York et al.*, as related to *Floyd v. the City of New York et al.*, 08-cv-1034 (SAS), because relating the cases would advance just, efficient and economic litigation and both cases challenge the New York City Police Department's stop and frisk practices as unconstitutional pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York.

      Pursuant to Rule 15 of the Southern District's *Rules for Division of Business among District Judges*, "a civil case will be deemed related to one or more other civil cases and will be

transferred for consolidation or coordinated pretrial proceedings when the interest of justice and efficiency will be served." Rule 15 requires the Court to consider factors including whether:

> (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served. Without intending to limit the criteria considered by the judges of this court in determining relatedness, a congruence of parties or witnesses or the likelihood of consolidated or joint trial or joint pre-trial discovery may be deemed relevant.

*Rules for Division of Business of District Judges* 15(a). Here, these factors all weigh in favor of deeming this action related to *Floyd*.

Although some of the *Almonor* plaintiffs were not stopped or frisked, and although *Almonor* raises some claims not raised in *Floyd* (including but not limited to allegations of false arrest and malicious prosecution in violation of the Fourth, Fifth, and Fourteenth Amendments and deprivation of freedom of speech in violation of the First Amendment), the similarities between this action and *Floyd* are many. Both *Almonor* and *Floyd* are civil rights actions that seek relief for the alleged unconstitutional stop and frisk practices and policies of the City of New York (the "City"). The plaintiffs in *Almonor* and *Floyd* assert that the City, *inter alia*, failed to train or supervise police officers on stops and frisks, and that did so with deliberate indifference to the plaintiffs' constitutional rights. The plaintiffs in both actions claim that the City further deliberately encouraged police officers to violate plaintiffs' rights. Both this action and *Floyd* allege that police officers conduct stops without reasonable suspicion, and they conduct frisks without an imminent fear for safety, and that their stops and frisks are based primarily on race or national origin in violation of the Fourth and Fourteenth Amendments. *Almonor* and *Floyd* concern similar time periods because the history of the City's alleged widespread practice of unconstitutional stops and frisks, beginning at the latest with the Street

2

Crime Unit's operations in the 1970's, is at issue in both. Moreover, the plaintiffs in each case assert that the City employed a quota system that caused unconstitutional stops and frisks of the plaintiffs.

Because of these similarities, *Almonor* and *Floyd* have a congruence of parties and overlapping discovery. The plaintiffs in *Almonor* will seek discovery of the policies and practices of the City, which will include depositions of high level New York Police Department officials, stop and frisk data from at least 2006, documents evidencing the training of police officers, and evidence of the use of (and investigations into) quotas. Deeming the cases related would thus also convenience the witnesses because it would foreclose the need to re-depose them in *Almonor* to the extent the plaintiff in *Almonor* would seek testimony already obtained in *Floyd*. This would also convenience the parties because it would avoid requiring the City to re-produce many documents that have already been produced in *Floyd*.

As this Court is aware, much of the discovery the plaintiffs sought in *Floyd* came after time consuming litigation. It would waste this Court's resources should the plaintiff in *Almonor* have to repeat the same requests for the same documents and testimony and, quite probably, engage in the same protracted motion practice that was necessary in *Floyd*.

Because deeming the cases related would advance the just, efficient and economical conduct of litigation, the plaintiffs herein respectfully request that this action be deemed related to *Floyd*.

Date:   New York, New York
        June 17, 2010

                              RESPECTFULLY SUBMITTED,

                              */s/ Joel B. Rudin*

                              Joel B. Rudin
                              **THE LAW OFFICES OF JOEL B. RUDIN**
                              200 West 57th Street, Suite 900
                              New York, New York 10019
                              (T) (212) 752-7600
                              (F) (212) 980-2968
                              jbrudin@aol.com

                              Myron Beldock
                              Jonathan C. Moore
                              Jennifer Rolnick Borchetta
                              **BELDOCK LEVINE & HOFFMAN LLP**
                              99 Park Avenue, Suite 1600
                              New York, New York 10016
                              (T) (212) 490-0400
                              (F) (212) 557-0565
                              mbeldock@blhny.com
                              jmoore@blhny.com
                              jborchetta@blhny.com

                              *Attorneys for Plaintiffs*